

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 7, 2026

**BY ECF**

The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    ***United States* v. *Patrick O'Connor*, S1 23 Cr. 370 (JGLC)**

Dear Judge Clarke:

      The Government respectfully submits this letter in response to defendant Patrick O'Connor's December 10, 2025 letter seeking early termination of his probation. While Mr. O'Connor has not had issues while on probation, and has paid his financial penalties, his letter does not set forth a sufficient basis for early termination of the sentence imposed by the Court. Accordingly, for the reasons set forth below, the Government respectfully submits that the motion should be denied without prejudice to a future application with more detailed information substantiating that the defendant has been denied employment "because of the possibility of being flagged" due to his probationary status. (Dkt. 141).

      As background, on June 25, 2024, the Court sentenced Mr. O'Connor to three years of probation, including four months of home incarceration, for his participation in a conspiracy to commit securities fraud through insider trading. (Dkt. 100). At sentencing, the Court noted that "factors of deterrence and respect for the law … make it difficult to impose only probation" in an insider trading case, but in this case "probation with a term of incarceration along with significant financial penalties … strikes the appropriate balance." (Dkt. 101 at 35-36). Mr. O'Connor began his term of probation on June 25, 2024, and completed his term of home confinement on November 8, 2024. (Dkt. 141). On November 12, 2024, with the consent of the Government, the Court modified Mr. O'Connor's conditions of supervision to allow him to travel without restriction or authorization. (Dkt. 126). Mr. O'Connor's term of probation is currently set to expire in June of 2027.

      "Early termination of probation is not warranted as a matter of course." *United States v. Boyd*, No. 13 Cr. 890 (LAP), 2025 WL 1865164, at *2 (S.D.N.Y. July 7, 2025) (quoting *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015)). "Courts in the Second Circuit have routinely held mere compliance with the terms of supervised release [or probation] does not qualify a supervisee for early termination." *Boyd*, 2025 WL 1865164, at *2 (collecting cases). Likewise,

courts have repeatedly held that a desire to ease travel generally does not qualify a supervisee for early termination. *See United States v. Shin*, No. 19 Cr. 552 (JPC), 2024 WL 5179133, at *3 (S.D.N.Y. Nov. 7, 2024) (collecting cases); *United States v. Gonzales*, No. 94 Cr. 134, 2015 WL 4940607, at *2 (S.D.N.Y. Aug. 3, 2015); *Whittingham v. United States*, No. 12 Cr. 971, 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017).

Rather, early termination is warranted only where "new or unforeseen circumstances" arise that "render a previously imposed term or condition of release either too harsh or inappropriately tailored." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). While some courts have found that a defendant's employment prospects can be a basis for early termination, a defendant must "demonstrate[] convincingly" that supervision jeopardizes employment; "speculation … does not amount to a changed circumstance…." *United States v. Harris*, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010); *see also United States v. Correia*, No. 19 Cr. 725 (JPO) (Oct. 22, 2024) (Dkt. 382) (rejecting early termination request based on supervision potentially interfering with employment requiring international travel).

Here, Mr. O'Connor has indicated that he was able to find some employment as a pilot, but is unable to get additional work and has been "rejected from flying internationally because of the possibility of being flagged with the probation and delay USA arrival checks." (Dkt. 141). To be a basis for granting relief, however, the defendant must demonstrate convincingly that he has been in fact denied employment and offer more than speculation that it is his supervision that has prevented him from being hired. Absent such a showing, early termination is not warranted, and cutting short the defendant's sentence, without new or unforeseen circumstances, would undermine the goals of deterrence and just punishment that were the basis for the sentence.

Accordingly, Mr. O'Connor's motion should be denied without prejudice to a future application that substantiates the employment issue described in his letter. Additionally, the Government would consent to any modification of the terms of supervision to the extent such modification would make it easier for the defendant to obtain additional employment.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By: /s/
    Nicolas Roos
    Jason A. Richman
    Assistant United States Attorneys
    (212) 637-2589/2421

Cc:    Patrick O'Connor